UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALY

KEVIN TURNER and ALICE LAWAETZ,                           Case No.:

    Plaintiffs,

v.

ONE 2019 76 FOOT SUNSEEKER SPORT YACHT, Hull No. XSK07214A919, her engines, tackle, equipment, furniture, auxiliary vessels or tenders, appurtenances, and necessaries, *in rem*,

    Defendant.
_____/

## **VERIFIED COMPLAINT**

Plaintiffs, KEVIN TURNER and ALICE LAWAETZ, by and through undersigned counsel and in accordance with Rule 9(h) of the Federal Rules of Civil Procedure and Rule D of the Supplemental Rules for Admiralty or Maritime Claims, file this *in rem* possessory and petitory action against one 2019 76 Foot Sunseeker Sport Yacht, Hull No. XSK07214A919, her engines, tackle, equipment, furniture, auxiliary vessels, appurtenances, and necessaries (the "Vessel"), and aver as follows:

1. This is an action within the admiralty jurisdiction of this Court, in accordance with Federal Rule of Civil Procedure 9(h) and within the meaning of 28 U. S. C. §1333.

2. This Court, sitting in Admiralty, has jurisdiction in a possessory suit by the legal owner of a vessel who has been wrongfully deprived of its possession as well as jurisdiction in a petitory suit to establish and enforce title to a vessel.

3. This is a possessory action under Rule D of the Supplemental Rules for Admiralty or Maritime Claims in respect of the Vessel, which is currently being wrongfully withheld from Plaintiffs.

4. Furthermore, this is a petitory suit in which Plaintiffs are seeking to try title to the Vessel independent of possession.

5. Venue is proper in this District because the Vessel is currently located within the District.

6. Plaintiff, Kevin Turner, at all times material, is and was a citizen and resident of Palm Beach County, Florida.

7. Plaintiff, Alice Lawaetz, at all times material, is and was a citizen and resident of Palm Beach County, Florida.

8. Defendant Vessel, one 2019 76 Foot Sunseeker Sport Yacht, Hull No. XSK07214A919, her engines, tackle, equipment, furniture, auxiliary vessels, appurtenances, and necessaries, is maritime property within the meaning of Rule D of the Supplemental Rules for Admiralty or Maritime Claims.

9. Plaintiffs purchased the Vessel as a new build project through an authorized Sunseeker brand dealer (the "Sunseeker Dealer").

10. Plaintiffs entered into a purchase and sale agreement for the Vessel with the Sunseeker Dealer on or around September 24, 2018, agreeing to pay a purchase price of $3,435,000 USD ("the Purchase Price"), plus tax, delivery costs and optional upgrades, through cash payments and submission of a trade-in vessel.

11. Throughout the build process, Plaintiffs corresponded and met with the manufacturer of the Vessel, Sunseeker International Ltd. (the "Sunseeker Manufacturer"), regarding the progress of the Vessel's construction.

12. Therefore, the Sunseeker Manufacturer knew that the Vessel was being built for Plaintiffs even though Plaintiffs were never in privity of contract with the Sunseeker Manufacturer.

13. Plaintiffs timely complied with all of their obligations under their purchase and sale agreement, including without limitation full payment of the Purchase Price and pre-payment of additional delivery expenses (i.e. inspection costs, fuel and crew expenses, and temporary offshore registration fees), which delivery expenses were requested by the Sunseeker Manufacturer through the Sunseeker Dealer in anticipation of delivery of the Vessel to Plaintiffs.

14. Specifically, Plaintiffs rendered the following payments to the authorized Sunseeker Dealer for the Vessel:

    a. October 15, 2018: $500,000.00 USD

    b. February 1, 2019: $250,000.00 USD

    c. February 5, 2019: $250,000.00 USD

    d. February 14, 2019: $1,466,963.00 USD (Delivery of $2,000,000.00 trade-in vessel minus $533,037.00 USD financing payoff)

    e. March 29, 2019:   $998,398.00 USD

    For a total payment of $3,465,361.00 USD.

15. On or around April 4, 2018, following Plaintiffs' last and final payment, the Sunseeker Manufacturer's United States subsidiary ("Sunseeker Subsidiary") contacted Plaintiffs

and the Sunseeker Dealer to discuss the details of the upcoming closing and delivery of the Vessel and provide draft copies of the Vessel's Manufacturer's Statement of Origin and Builder's Certificate.

16. Notably, Plaintiffs were never in privity of contract with the Sunseeker Subsidiary, which merely operates as an arm of the Sunseeker Manufacturer to facilitate the import of Sunseeker brand vessels into the United States.

17. Throughout the next week or so, Plaintiffs corresponded with representatives of the Sunseeker Subsidiary and the Sunseeker Manufacturer regarding arrangements for the closing and delivery of the Vessel and, pursuant to those discussions, Plaintiffs provided them with proof of full payment of the Purchase Price for the Vessel.

18. However, on or around April 15, 2019, the Sunseeker Subsidiary notified Plaintiffs that it and/or the Sunseeker Manufacturer would be retaining possession of the Vessel due to a business dispute with the authorized Sunseeker Dealer that is entirely unrelated to Plaintiffs.

19. Thus, as established herein, Plaintiffs have purchased the Vessel outright and are the rightful owners of it, but they are currently being wrongfully deprived of their possession of the Vessel by the Sunseeker Manufacturer and/or the Sunseeker Subsidiary, presumably as security and/or leverage for those entities' unrelated business dispute with the Sunseeker Dealer.

20. Plaintiffs have completed and satisfied all their obligations and are entitled to not only possession of the Vessel but title to the Vessel as well.

21. In or around October 2019, Plaintiffs learned that the Sunseeker Manufacturer had shipped the Vessel to Florida and that it is currently, or presently will be, marketed for sale by a different authorized Sunseeker brand dealer.

22. Importantly, the Fort Lauderdale International Boat Show is taking place from October 30, 2019 – November 3, 2019, and, on information and belief, the Vessel will be displayed for sale at the upcoming show.

23. Therefore, time is of the essence for Plaintiffs to regain possession of their Vessel before it is resold to an unsuspecting buyer.

24. By reason of the foregoing, Plaintiffs have the right to both title to and possession of the Vessel.

25. The Sunseeker Manufacturer and/or the Sunseeker Subsidiary have improperly deprived Plaintiffs of possession of the Vessel.

26. In proceeding against the Vessel *in rem*, Plaintiffs reserve all *in personam* rights and remedies—legal, contractual, and equitable—against any other person or entity.

WHEREFORE Plaintiffs respectfully request the following relief:

a. Issuance of process in due form of law according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction against the Vessel, her engines, tackle, equipment, furniture, auxiliary vessels, appurtenances, necessaries, etc.

b. Issuance of a warrant of arrest against the Defendant Vessel pursuant to Supplemental Rule D and the Local Admiralty Rules;

c. An expedited hearing as provided by Local Admiralty Rule D(1);

d. An Order from the Court shortening the deadline to file a claim and answer, as provided by Local Admiralty Rule D(1);

e. Entrance of a Judgment, *in rem*, in favor of Plaintiffs, Kevin Turner and Alice Lawaetz, and against Defendant Vessel, recognizing Plaintiffs' right to exclusive use, possession, and enjoyment of the Vessel;

f. Entrance of a Judgement establishing title to the Vessel in the name of the Plaintiffs; and,

g. An award in favor of Plaintiff for such other and further relief as the law and justice may require.

Dated: October 25, 2019

Respectfully submitted,

/s/ Blair Brogan
Blair Brogan (Fla. Bar No. 95029)
Michael Karcher (Fla. Bar No. 516287)
ROBERT ALLEN LAW
The Four Seasons Office Tower
1441 Brickell Avenue, Suite 1400
Miami, Florida 33131
Tel.   (305) 372-3300
Fax   (305) 379-7018
Email: bbrogan@robertallenlaw.com
          mrk@ukandk.com
          litigation@robertallenlaw.com

*Counsel for Plaintiffs*

## **VERIFICATION**

State of Florida            )

County of Palm Beach   )

Pursuant to 28 U.S.C. § 1746, I, Kevin Turner, verify under penalty of perjury that I have read the foregoing Verified Complaint and that the matters contained therein are true and correct.

Affiant further sayeth naught.

_____

SWORN TO AND SUBSCRIBED before me on this 25th day of October, 2019 by Kevin Turner who is personally known to me or has produced FL DL _____ as identification.

JESSALYN BAILEY
MY COMMISSION # GG 246881
EXPIRES: August 8, 2022
Bonded Thru Notary Public Underwriters

_____
Notary Public, State of Florida

Commission Expires: 8-8-22