UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALY

Case No.: 19-cv-62670-CMA

KEVIN TURNER and ALICE LAWAETZ,

    Plaintiffs,

v.

ONE 2020 74 FOOT SUNSEEKER SPORT YACHT, Hull No. XSK07214H920, her engines, tackle, equipment, furniture, auxiliary vessels, appurtenances, and necessaries, *in rem*,

    Defendants.

_____/

**MOTION FOR ISSUANCE OF ORDER DIRECTING THE CLERK OF COURT TO ISSUE A WARRANT OF ARREST *IN REM* and for EMERGENCY CONSIDERATION**

Plaintiffs, KEVIN TURNER and ALICE LAWAETZ (hereinafter "Plaintiffs"), by and through their undersigned counsel, and pursuant to pursuant to Rule D and C of the Supplemental Rules for Certain Admiralty and Maritime Claims and the applicable Local Rules Supplemental Rule C(3)(a)(i) for Admiralty or Maritime Claims and Local Admiralty Rule C, hereby requests the Court to enter an Order directing the Clerk of Court to issue a Warrant of Arrest *in rem* for the Defendant, One 2020 74 Foot Sunseeker sport yacht, Hull No. XSK07214H920, her engines, tackle, equipment, furniture, auxiliary vessels, appurtenances, necessaries, etc. (the "Vessel"), and states as follows:

    1.    Plaintiffs have filed a Verified Complaint (D.E. 1) against ONE 2020 74 Foot Sunseeker sport yacht, Hull No. XSK07214H920, (the "Vessel") that is currently within the

Southern District of Florida and located at a marina in Broward County Florida.

2.     Plaintiffs have a claim under to Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims for possession and a claim for title to the Vessel el and is seeking to enforce this claim pursuant to federal and general maritime law.

3.     Plaintiffs have contemporaneously filed the other motions and documents with the Court, which are needed to effect the arrest of the Vessel.

4.     Plaintiffs need to serve a Warrant of Arrest *in rem* against the Vessel to effect service of process.

5.     A proposed Order Directing the Issuance of a Warrant of Arrest *in rem* and proposed Warrant of Arrest *in rem* are attached hereto as Exhibits "1" and "2" respectively.

WHEREFORE, Plaintiffs request this Court to issue an Order directing the Clerk of Court to issue a Warrant of Arrest *in rem* that directs the U.S. Marshal to effect the arrest of the Vessel.

## MEMORANDUM OF LAW

This Motion should be granted as a matter of right, and is brought pursuant to Supp.Fed.R.Civ.P. D (in rem) and Local Admiralty Rule C (in rem). This is a matter of emergency consideration as Plaintiff is informed that the Vessel is a pleasure yacht that has arrived in South Florida to be offered for sale and may leave the jurisdiction forthwith, as well as due to the inherently transitory nature of seagoing Vessels.

This Motion is brought pursuant to Supp.Fed.R.Civ.P. C & D and Local Admiralty Rule C, and should be granted as Plaintiffs meets the requirements as established under these Rules.

This action is an admiralty or maritime claim under Fed.R.Civ.P. 9(h) involving claims against property, a seagoing vessel, which the Plaintiff seek to be arrested and attached. Plaintiff's Verified Complaint demonstrates it claims for and against the Vessel, *in rem*, for possession and title. As maritime claimant, Plaintiff is entitled to issuance of *in rem* Rule D arrest process against the Vessel. The remedy of Rule D arrest is used in maritime proceedings such as these where a plaintiff's claim is against the Vessel. The emergency nature of this Motion is precipitated by the exigent circumstances set forth below and in the Certification of Exigent Circumstances contemporaneously filed with this Motion.

## REQUEST FOR EMERGENCY ISSUANCE OF PROCESS

Plaintiffs have contemporaneously filed a Certificate of Exigent Circumstances. The exigent circumstances associated with this Motion are that the Vessel in question is currently found within the District, but it is anticipated the those in current possession of the Vessel may remove the Vessel from the District and, quite possibly, the jurisdiction of the United States. The Vessel has just recently been brought into the District from overseas. Plaintiffs have made repeated demands upon those persons in possession who are well aware of Plaintiffs' intentions and it is highly likely the Vessel will leave the jurisdiction. The Vessel is here in the District to be offered for sale and may leave or Plaintiffs may lose track of the Vessel should it be transferred or delivered to other persons.

As to this Emergency Motion for Issuance of Process, Plaintiff are entitled to issuance of the requested process. Supp.Fed.R.Civ.P. C (Arrest) states:

C.(3)(a)(ii)(A) In other actions [not filed by the United States], the court must review the complaint and any supporting papers. If the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel….

Local Admiralty Rule C(2)(a)(for the Southern District)(Arrest) states:

(2)(a) Judicial Review Prior to Issuance. Except as provided in Local Admiralty Rule C(2)(b) [Exigent Circumstances], a judicial officer shall first review the verified complaint, and any other relevant case papers, prior to the Clerk of the Court issuing the warrant of arrest and/or summons in rem. No notice of this pre- seizure judicial review is required to be given to any person or prospective party.

As clearly demonstrated by the Verified Complaint, the Plaintiffs/movant has *in rem* claims for which they are entitled to proceed against the Vessel.  This Motion should be granted as Plaintiffs have met the requirements as established by the Court under the rules set forth above.

A Draft Order for the Court's consideration is attached, as is a draft Warrant the Court could issue if desired.

WHEREFORE, Plaintiffs requests that this Honorable Court consider this Motion on an emergency basis, grant its Motion and the Court direct the Clerk of Court issue a Warrant of Arrest in this matter and grant an expedited hearing if the Court deems it appropriate and necessary, along with such other relief as deem appropriate by this Honorable Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2019, a true and correct copy of the foregoing was filed with the Court's electronic filing system, CM/ECF, which will send a notice of electronic filing on all counsel or parties of record.

Respectfully submitted,

/s/ Michael Karcher
Blair Brogan (Fla. Bar No. 95029)
Michael Karcher (Fla. Bar No. 516287)
Special Counsel to:

>ROBERT ALLEN LAW
>The Four Seasons Office Tower
>1441 Brickell Avenue, Suite 1400
>Miami, Florida 33131
>Tel.    (305) 372-3300
>Fax    (305) 379-7018
>Email: bbrogan@robertallenlaw.com
>            mrk@ukandk.com
>            litigation@robertallenlaw.com
>
>*Counsel for Plaintiffs*