UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 19-cv-62670-CMA

KEVIN TURNER AND ALICE LAWAETZ,

       Plaintiffs,

vs.

ONE 2020 74-FOOT SUNSEEKER SPORT
YACHT, Hull No. XSK07214H920,
her engines, tackle, equipment, furniture,
auxiliary vessels or tenders, appurtenances,
and necessaries, *in rem*,

       Defendant.

_____/

## MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

Pursuant to Local Admiralty Rule E(10)(c), Plaintiffs, KEVIN TURNER AND ALICE LAWAETZ, by and through their undersigned attorneys, and fie this Motion to appoint National Maritime Services as the Substitute Custodian and state as follows:

1. On October 25, 2019, Plaintiffs initiated the above-styled action against the ONE 2020 74-FOOT SUNSEEKER SPORT YACHT, Hull No. XSK07214H920, her boats, tackle, apparel, furniture and furnishings, equipment, engines and appurtenances (hereinafter, the"Vessel").

2. On October 31, 2019, the Plaintiffs have filed a Motion for the Clerk of the District Court to issue a Warrant of Arrest against the Vessel directing the U. S. Marshal to take custody of the Vessel, and to retain custody of the Vessel pending further order of this Court.

3. Subsequent to the issuance of the Warrant of Arrest, the Marshal will take steps to immediately seize the Vessel.  Thereafter, continual custody of the Marshal will require the services

of at least one custodian at a cost of at least $500.00 per day, which does <u>not</u> include the cost of

storing the 74-ft Vessel or the cost of liability insurance while the Vessel is under arrest.  The

Marshal simply does not have the facilities or personnel to keep and safeguard the Vessel on a cost

effective basis and, based on counsel's experience in the Southern District of Florida, the Marshal

will not act as a caretaker in a civil action.

4.     The Vessel is currently located within the waters of the United States and within the

Southern District of Florida.  The Substitute Custodian's facility located in Broward County Florida

is a well known, and reputable company that provides services for such large vessels.  National

Maritime Services (the proposed Substitute Custodian) has adequate personnel, experience and

adequate facilities for the dockage, care, maintenance and security of the vessel.

5.     Subject to the approval of the Court, the Substitute Custodian is prepared to move

the Vessel and have the Vessel towed to its facility and provide security, wharfage, and routine

services for the safekeeping of the Vessel at a cost substantially less than that presently required by

the Marshal and as set forth in the Affidavit of Substitute Custodian filed contemporaneously

herewith.  The Substitute Custodian has also agreed to continue to provide these services pending

further order of this Court in accordance with proposed storage rates attached to the proposed

Substitute Custodian's Affidavit as "Exhibit A" thereto.

6.     The Substitute Custodian has adequate facilities for the care, maintenance and

security of the Vessel.  In discharging its obligation to care for, maintain and secure the Vessel, the

Substitute Custodian shall comply with all orders of the Captain of the Port, United States Coast

Guard, including but not limited to, and order to move the Vessel; and any applicable federal, state

CASE NO.: 19-cv-62670
Page 3

and local laws, regulations and requirements pertaining to Vessel and port safety.  The proposed

Substitute Custodian shall advise the Court, the parties to the action, and the United States Marshal,

of any movement of the Vessel pursuant to an order of the Captain of the Port, within twenty-four

(24) hours of such Vessel movement.

7.      Concurrent with the Motion for Appointment of the Substitute Custodian, Plaintiffs

and the Substitute Custodian have executed and are filing a Consent and Indemnification Agreement

in accordance with Local Admiralty Rule E(10)(c)(ii), which agreement is being filed

contemporaneously with this motion.

8.      A copy of the text of the proposed Order Appointing Substitute Custodian is attached

hereto, and will be submitted to the Court in Word format via email in accordance with Local

CM/ECF Rule 3I(6).

WHEREFORE, in accordance with the representation set forth in this motion, and in light

of the Consent and Indemnification Agreement filed contemporaneously with this Motion, as noted

in paragraph 7 above, the Plaintiff requests this Court to enter an order appointing National

Maritime Services., as the Substitute Custodian for the Defendant Vessel.

DATED at Ft. Lauderdale, Broward County, Florida this 31st  day of October, 2019,

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was served via
transmission of Notice of Electronic Filing generated by  CM/ECF this 31st day of October, 2019,
to all counsel of record.

CASE NO.: 19-cv-62670
Page 4

Respectfully submitted,

Blair Brogan, Esq.
Michael R. Karcher, Esq.
ROBERT ALLEN LAW
The Four Seasons Office Tower
1441 Brickell Avenue, Suite 1400
Miami, FL 33131
Tel:  305-372-3300
Fax: 305-379-7018
E-mail:  mrk@ukandk.com
            bbrogan@robertallenlaw.com
            litigation@robertallenlaw.com

By:   /s/  Michael R. Karcher
        Fla. Bar No.:  516287
        Blair Brogan
        Fla. Bar No. 95029