UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62670-CIV-ALTONAGA/Seltzer

**KEVIN TURNER**, *et al.,*

Plaintiffs,

v.

**ONE 2020 74 FOOT SUNSEEKER SPORT YACHT**, Hull No. XSK07214H920, her engines, tackle, equipment, furniture, auxiliary vessels, appurtenances, and necessaries, *in rem*,

Defendant.
_____/

**ORDER**

THIS CAUSE came before the Court upon Plaintiffs' Motion for Appointment of Substitute Custodian [ECF No. 9]. The Court having carefully considered said Motion, the Affidavit of Substitute Custodian, the Consent and Indemnification Agreement, and being fully advised, it is

**ORDERED AND ADJUDGED** that the Motion is **GRANTED**. The United States Marshal for the Southern District of Florida is hereby authorized and directed, upon receipt of this Order, to surrender the possession of the Defendant vessel, the ONE 2020 74-FOOT SUNSEEKER SPORT YACHT, Hull No. XSK07214H920, a foreign flagged, 74 foot motor yacht, her tenders, engines, her cargo, tackle, apparel, furniture, equipment and appurtenances, (hereinafter "Vessel"), *in rem*, and all other *necessaries* thereunto appertaining and belonging, pursuant to said Warrant of Arrest, to the custody of the Substitute Custodian; and that upon such surrender, the Marshal shall be discharged from his duties and responsibilities for the safekeeping of the Vessel and held harmless form any and all claims arising whatever out of the

substituted possession and safekeeping.  It is further

**ORDERED AND ADJUDGED** that National Maritime Services is hereby appointed the custodian of said Vessel to retain the same in his custody for possession and safekeeping for the aforementioned compensation until further order of the Court.  It is further

**ORDERED AND ADJUDGED** that the Substitute Custodian herein shall, at the discretion of the Vessel owner or the Plaintiffs, and by appointment only, permit prospective purchasers to board and inspect the Vessel.  It is further

**ORDERED AND ADJUDGED** that all Marshal's costs be paid prior to the release of the Defendant Vessel or distribution of the proceeds of its sale, and all further constructive costs will be borne by Plaintiff unless the Plaintiff is awarded expenses and costs against the Defendant Vessel.  It is further

**ORDERED AND ADJUDGED** that all reasonable expenditures which may be incurred by the United States of America and the Substitute Custodian, or by any party advancing funds to the Substitute Custodian, in towing the Vessel to its facility, safekeeping and maintaining the Vessel while she is in *custodia legis* shall be administrative expenses in this action and a first charge on the Defendant Vessel herein, to be paid prior to the release of the Vessel or the distribution of proceeds.  It is further

**ORDERED AND ADJUDGED** that the Substitute Custodian must sign a receipt for the Vessel and the Marshal must attest to the date and time of release on a U.S. Marshal's Return.  It is further

**ORDERED AND ADJUDGED** that the premiums charged for the Marshal's liability insurance will be taxed as an expense of custody while the Vessel is in *custodia legis* pursuant to the applicable Local Admiralty Rule.

CASE NO. 19-62670-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 31st day of October, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record